IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE W. CHAVEZ,

      Plaintiff,

v.                                                                                14cv587 WPL

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Eugene Chavez applied for disability insurance benefits and supplemental security income in July 2011 based on depression and high blood pressure. (Administrative Record "AR" 172, 176, 202.) After his application was denied at all administrative levels, Chavez brought this proceeding for judicial review. The case is before me now on Chavez's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum, a response filed by the Commissioner of the Social Security Administration ("SSA"), and Chavez's reply. (Docs. 14, 19, 21.) For the reasons explained below, I remand this case to the SSA for proceedings consistent with this opinion.

**STANDARD OF REVIEW**

When the Appeals Council denies a claimant's request for review, the Administrative Law Judge's ("ALJ") decision is the SSA's final decision. In reviewing the ALJ's decision, I must determine whether it is supported by substantial evidence in the record and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008)

(citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). A decision is not based on substantial evidence if other evidence in the record overwhelms it or if there is a mere scintilla of evidence supporting it. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted). Substantial evidence does not, however, require a preponderance of the evidence. *U.S. Cellular Tel. of Greater Tulsa, L.L.C. v. City of Broken Arrow, Okla.*, 340 F.3d 1122, 1133 (10th Cir. 2003). I must meticulously examine the record, but I may neither reweigh the evidence nor substitute my discretion for that of the Commissioner. *Hamlin*, 365 F.3d at 1214. The Court may reverse and remand if the ALJ failed "to apply the correct legal standards, or to show us that []he has done so . . . ." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

## SEQUENTIAL EVALUATION PROCESS

The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2015). If a finding of disability or nondisability is directed at any point, the ALJ will not proceed through the remaining steps. *Thomas*, 540 U.S. at 24. At the first three steps, the ALJ considers the claimant's current work activity, the medical severity of the claimant's impairments, and the requirements of the Listing of Impairments. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), & Pt. 404, Subpt. P, App'x 1. If a claimant's impairments are not equal to one of those in the Listing of Impairments, then the ALJ proceeds to the first of three phases of step four and determines the claimant's residual functional capacity ("RFC"). *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ then determines the physical and mental demands of the claimant's past relevant work in phase two of the fourth step

and, in the third phase, compares the claimant's RFC with the functional requirements of his past relevant work to see if the claimant is still capable of performing his past work. *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(f), 416.920(f). If a claimant is not prevented from performing his past work, then he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden of proof on the question of disability for the first four steps, and then the burden of proof shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987). If the claimant cannot return to his past work, then the Commissioner bears the burden, at the fifth step, of showing that the claimant is capable of performing other jobs existing in significant numbers in the national economy. *See Thomas*, 540 U.S. at 24-25; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step sequential evaluation process in detail).

## **FACTUAL BACKGROUND**

Chavez is a sixty-one year old man with a high school education. (AR 28.) He worked as a clerk typist in the Army from 1974 to 1977 and has since worked a number of temporary low-skilled and semi-skilled jobs. (AR 30, 48, 68, 553.) He claims disability from depression, high blood pressure, and fatigue beginning on January 11, 2011. (AR 58, 239.)

I do not address everything in the record but rather target my factual discussion to the facts necessary to the disposition of this case.

Chavez has a long history of alcoholism and substance abuse. (AR 433, 553.) He has been treated for Hepatitis C and depression. (AR 445, 553.) At the hearing, he described applying for jobs despite ongoing problems with depression. (AR 35.)

After initiating his claims, Chavez underwent a consultative examination with Dr. Paula Hughson, M.D., on September 6, 2011. (AR 552.)[1] Dr. Hughson observed that Chavez's cognitive function seemed intact, he was able to perform daily activities unassisted, and he did not show any limitations on a mental status examination. (AR 552-55.) However, Dr. Hughson also opined that Chavez had marked limitations and was likely unable to work. (AR 556.) The following month, State Agency medical consultant Sheri Simon, Ph.D., reviewed the record and disagreed with Dr. Hughson. (AR 587.) Dr. Simon noted that Dr. Hughson's conclusions were "not entirely supported" and concluded that Chavez could "engag[e] in simple, repetitive, routine tasks." (AR 587.) A few months later, in December, 2011, State Agency medical consultant Lawrence Annis, Ph.D., reviewed the record and affirmed Dr. Simon's opinion, noting that Chavez "is able to meet the basic mental demands of work on a sustained basis despite any limitations resulting from identified [Medically Determinable Impairments]." (AR 67.)

### ALJ AND APPEALS COUNCIL'S DECISIONS

The ALJ issued his decision on February 28, 2013. (AR 23.) At step one, the ALJ determined that Chavez had not engaged in substantial gainful activity since January 11, 2011. (AR 13.) At step two, the ALJ found that Chavez had the severe impairments of depression, fatigue, headaches, ulcer, and gastrointestinal bleeding. (*Id.*) At step three, the ALJ concluded that Chavez did not have an impairment or combination of impairments that met or medically equaled anything on the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 14-15.) The ALJ specifically considered Listings 5.02 and 12.06, and noted that Chavez experienced mild restrictions in activities of daily living, moderate difficulties with social

---

[1] The first page of Dr. Hughson's report contains two conflicting examination dates: September 6, 2010, and September 6, 2011. (AR 552.) Her Vendor Contract with the SSA indicates the date and time of Chavez's appointment as follows: "APPT DATE: September 06, 2011 10:00 AM." (AR 546.)

functioning, and moderate difficulties with concentration, persistence, and pace. (AR 15.) The ALJ also noted that Chavez "experienced no episodes of decompensation of extended duration." (AR 16.)

At phase one of step four, the ALJ determined that Chavez had the RFC for the full range of work at all exertional levels, subject to the following nonexertional limitations: work that involves simple tasks, with simple instructions, while working primarily with things rather than people. (AR 16.) The ALJ also stated that Chavez can maintain concentration, persistence, and pace for two hours before taking scheduled breaks. (*Id.*)

The ALJ reviewed Chavez's medical history, the diagnostic findings, and the medical opinions from Drs. Hughson, Simon, and Annis. (AR 17-19.) Next, the ALJ evaluated Chavez's credibility and concluded that Chavez's "statements concerning the intensity, persistence, and limiting effects" of his symptoms "are not entirely credible for the reasons explained in this decision." (AR 20.)

The ALJ then evaluated the opinion evidence from Drs. Hughson, Simon, and Annis. (*Id.*) First, the ALJ discussed Dr. Hughson's opinion and afforded it "little weight" because it was "contradicted by the lack of signs of a serious mental disorder upon examination and by [Chavez's] reported activities of daily living." (*Id.*)  To support his conclusion, the ALJ listed Chavez's daily activities and noted Chavez's failure to take medication during his examination with Dr. Hughson.

Comparatively, the ALJ afforded "significant weight" to Drs. Simon and Annis's opinions "because they are consistent with, and supported by the credible medical and functional information contained in the record." (*Id.*) Unlike his evaluation of Dr. Hughson's opinion, however, the ALJ did not elaborate further.

At phases two and three of step four, the ALJ determined that Chavez was unable to perform any past relevant work. (AR 21.) At step five, the ALJ concluded that Chavez was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and therefore was not disabled. (AR 22.) The Appeals Council declined to review the case, rendering the ALJ's decision the final decision of the Commissioner. (AR 1.)

## DISCUSSION

Chavez challenges the ALJ's RFC finding as contrary to both law and substantial evidence. He argues that the ALJ erred by failing to apply the appropriate legal test when evaluating Dr. Hughson's findings, failing to account for Chavez's fatigue, failing to apply the appropriate legal test when adopting non-examining Dr. Simon's RFC finding, failing to include analysis of Chavez's inability to deal with supervisors, and failing to provide a complete and consistent credibility finding. Because I find that the ALJ committed legal error in weighing the medical opinion evidence, I decline to rule on Chavez's remaining claims, as re-weighing the medical evidence may adjust the ALJ's analysis.

### I. The ALJ Committed Legal Error by Failing to Apply the Appropriate Legal Test to the Non-Examining Physicians' Opinions.

Drs. Annis and Simon are non-examining State Agency sources. (AR 20.) As such, the ALJ must evaluate their medical opinions against the following factors: (1) the examining relationship between the medical source and the claimant; (2) the treatment relationship between the source and claimant; (3) the supportability of the source's findings; (4) the consistency of the source's opinion "with the record as a whole"; (5) the source's status as a specialist, if applicable; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(e), 416.927(e). The ALJ need not explicitly discuss each factor for each medical

opinion because "not every factor . . . will apply in every case." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted).

Here, the ALJ erred because he failed to apply any of the six factors to the findings of Drs. Annis and Simon. His discussion was limited to two sentences, which he concluded by stating summarily that the non-examining physicians' opinions "are afforded significant weight because they are consistent with, and supported by the credible medical and functional information contained in the record." (A.R. 20.) However, he neither explained this statement nor attempted to reference other parts of the decision to explain it. The ALJ must provide more than a conclusory explanation to appropriately evaluate the opinions of non-examining physicians and overcome the limitation that "opinion[s] of . . . agency physician[s] who ha[ve] never seen the claimant [are] entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).

## CONCLUSION

I conclude that the ALJ committed legal error at the RFC stage by failing to apply the factors referenced in 20 C.F.R. §§ 404.1527(e) and 416.927(e) to the medical opinions of Drs. Simon and Annis. This case is remanded to the SSA for further proceedings consistent with this opinion.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.