IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE W. CHAVEZ,

      Plaintiff,

v.                                                                              14cv587 WPL

CAROLYN W. COLVIN, *Acting Commissioner
of the Social Security Administration*,

      Defendant.

**ORDER GRANTING ATTORNEY FEES AND COSTS UNDER THE EAJA**

Plaintiff Eugene Chavez filed a motion for $7,543.10 in attorney fees and $400 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 25.) The Commissioner filed a response contending that no fees or costs are appropriate under the EAJA because her position was substantially justified before both the Administrative Law Judge ("ALJ") and this Court. (Doc. 26.) Chavez filed a reply. (Doc. 29.) I find that the Commissioner's position was not substantially justified and grant Chavez's motion.

The EAJA requires courts to award attorney fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified. (*See* Doc. 26 at 1, 4.)

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v.*

*Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Id.* (citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172. "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394.

I remanded this case after concluding that "the ALJ erred because he failed to apply any of the six factors [in 20 C.F.R. §§ 404.1527(e) and 416.927(e)] to the findings of Drs. Annis and Simon." (Doc. 23 at 7.) I was unable to determine whether the ALJ applied the factors because I found the following two sentences that addressed the opinions conclusory and unconnected to the rest of the decision: "In accordance with Social Security Ruling 96-6p, the undersigned considered the administrative findings of the State Agency medical consultants Drs. Simon and Annis (Exhibits 5A; 16F). Their opinions are afforded significant weight because they are consistent with, and supported by the credible medical and functional information contained in the record" (AR 20). (*See* Doc. 23 at 7.)

The Commissioner now argues that I should not award Chavez attorney fees and costs under the EAJA because she was substantially justified in defending the ALJ's errors, as described in my Memorandum Opinion and Order. Therefore, I must determine whether the Commissioner has met her burden to show that she was substantially justified in defending the ALJ's errors in the subsequent litigation. I find that the Commissioner has not met this burden.

The Commissioner argues that there is a genuine dispute over whether the ALJ adequately applied the factors in 20 C.F.R. §§ 404.1527(e) and 416.927(e) to the opinions of Drs. Simon and Annis because the ALJ explicitly applied factor (c)(4), which reads: "Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion," §§ 404.1527(c)(4), 416.927(c)(4). (*See* Doc. 26 at 1-2.) The Commissioner cites the following two statements from the ALJ as support: (1) "[t]he residual function capacity accommodates the claimant's impairments and is well supported by objective medical signs and diagnostic findings as outlined above, as well as the opinions of Drs. Simon and Annis"; and (2) Drs. Simon and Annis's opinions are "afforded significant weight" because "they are consistent with, and supported by the credible medical and functional information contained in the record" (AR 20). (*Id.*)

I cannot agree that these two statements demonstrate a genuine dispute. Even if applying one out of the six C.F.R. factors was permissible here, the ALJ's two statements do not make sufficiently clear why he afforded "significant weight" to the opinions. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."). Further, Drs. Simon and Annis's medical opinions are subject to the most stringent scrutiny, *see* Social Security Ruling ("SSR") 96–6p, 1996 WL 374180, at *2 (July 2, 1996) ("The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker"),[1] and conclusory statements applying perhaps one of the six C.F.R. factors fail to demonstrate stringent analysis.

---

[1] SSRs are binding on the Social Security Administration, and while they do not have the force of law, courts traditionally defer to SSRs since they constitute the agency's interpretation of its own regulations and foundational statutes. *See Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990); 20 C.F.R. § 40235; *see also Andrade v. Sec'y of Health & Hum. Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993) (SSRs entitled to deference).

Next, the Commissioner argues that the ALJ chose to briefly discuss Drs. Simon and Annis's opinions because their findings support his RFC, which meant the ALJ did not need to provide a robust discussion. (*See* Doc. 26 at 2.) The Commissioner continues that the ALJ's lack of discussion of certain moderate limitations in Drs. Simon and Annis's opinions is permissible because the ALJ need not consider every finding in a medical source's medical evaluation form, but rather only the final section that pertains to the RFC. (*See id.* at 2-4.) As case support, the Commissioner cites unpublished Tenth Circuit decisions as well as decisions from other circuits. (*See id.*)

Chavez counters that the controlling case, *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), did not permit the ALJ to disregard the less favorable parts of Drs. Simon's medical opinion. (Doc. 29 at 2.) In *Haga*, the Tenth Circuit held that "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." 482 F.3d at 1208. Chavez also argues that 20 C.F.R. § 404.1527(e) states that the ALJ is not bound by a medical consultant's RFC finding, and the ALJ must consider all findings and opinions in the record. (*Id.* at 4.)

I find the Commissioner's argument unpersuasive. The only way the Commissioner's argument can prevail is if, in fact, an ALJ can disregard moderate limitations[2] identified in the beginning section of a medical form and focus only on a more favorable RFC assessment in a later part of the form that does not incorporate or address the previously mentioned limitations. At least two published Tenth Circuit cases—*Haga* and *Frantz v. Astrue*, 509 F.3d 1299, 1302-03 (10th Cir. 2007), where the Tenth Circuit expressly applied its reasoning in *Haga* to the opinions

---

[2] "[A]ccording to the Social Security Administration's Program Operations Manual System (POMS), '[m]oderately limited' means 'the evidence supports the conclusion that the individual's capacity to perform the activity is impaired.'" *Jaramillo v. Colvin*, 576 F. App'x 870, 875 (10th Cir. 2014) (unpublished) (citing POMS DI 24510.063 B.2.).

of nonexamining physicians—say otherwise. *See Frantz*, 509 F.3d at 1302-03 ("[T]he ALJ erred in accepting some of the moderate limitations in the Mental RFC form completed by Dr. Garnand, a nonexamining physician, but rejecting others without discussion."). Here, the RFC did not reflect all of Dr. Simon's assessed moderate limitations, and the ALJ erred by not explaining why he rejected some of them. Further, it seems unlikely that the Commissioner's position can be substantially justified when her Response to Plaintiff's Motion for Attorney Fees (Doc. 26) fails to distinguish, let alone even mention, *Haga* or *Frantz*, which are "published cases from this circuit remanding where the ALJ failed to explain the omission of moderate limitations from an RFC finding." *Jaramillo,* 576 F. App'x at 875.

Based on the foregoing, I find that the Commissioner has not shown that her position at the administrative level and in defending the ALJ's decision was substantially justified.

IT IS THEREFORE ORDERED THAT the motion is GRANTED and Plaintiff is awarded $7,543.10 in attorney fees and $400 in costs under the EAJA. *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

                                                             /s/ William P. Lynch
                                                             William P. Lynch
                                                             United States Magistrate Judge